Curia, per
Colcock, J.
In this case, the court concur with the chancellor in that part of his decree by which he refuses to annul the contract entered into between* the John Thomas, and the defendant, William Sheppard. It does not appear that Thomas is so in understanding as to of making a contract; and the circumstances of fraud and imposi *360 tion stated in the bill are positively denied, and were not supported by the proof adduced by the complainant. The bargain was an injudicious one, and the consequences will be distressing, but that i? not a ground of relief.
The decree, however, so far as it directs a settlement of the wife’s estate on her, must be set aside. Where a husband’s claim to his wife’s property must be asserted by suit in equity, if there be no agreement between them previous to marriage, it is an established rule (though, as some have thought, of doubtful policy) that the husband will not be allowed to obtain the possession of it, without making a provision for her, 1 Madd. Cha. 386. 1 Roper on Husb. & Wife, 256. But where the husband is in the actual possession of the property, and has even imprudently encumbered it with judgments and executions, it is not in the power of the court cf chancery to rescue it from these legal liens of his creditors and settle it on his wife. The rule which is laid down as to the husband is carried so far, as to apply to his voluntary assignee, and even to a purchaser for a valuable consideration of the wife’s interest from the husband, who are compelled to come into court to assert their rights. And this, I think, is going far enough ; but it will be remarked, that it is not interfering with vested rights; with those liens, which are created by the operation of the law acting directly on the property in the possession of the husband. The court says to these claimants, “You have brought no other right than the husband would have had. Had he applied, we should have required him to make a settlement, and we therefore require you to do the same ; the property was subject to this equitable lien.” And such is the first case referred *to by the complainant’s counsel, Kenny v. Udale, 5 Johns. Cha. 464, which Chancellor Kent takes a most extensive view of the whole subject, and refers to a number of cases; in all which, it will be observed that the aid of the court was necessary to obtain the right, or the wife was a ward of the court, or the property vested in trustees.
The counsel however have referred to some cases which do certainly approach nearer to the present, but in which I think there is an obvious ground of distinction. I say some cases, though they in fact are the same cases. The same complainant, at different times, claims the protection of the court against the creditors or assignees of her husband. The first is Haviland v. Meyers, 6 Johns. Cha. Rep. 25, and the other Haviland v. Bloom & Meyers, Id. 178. In these cases the wife had obtained (as is stated in the second case very fully) a divorce from bed and board ; and the court is directed in such cases, by the statute authorizing divorces, to make orders for the suitable support and maintenance of the wife and children out of the husband’s property, but he having none, the property which came to the wife from her father was settled on her. In the first case, it is said the husband had commenced ejectments to recover the land, and was seeking to recover her personal property. And in both cases it is stated that the fact of the husband’s having abandoned the wife was known. Now, although a lien is spoken of in this case as being created by the judgment, yet it is clear that the property never was in the possession of the husband, and the attempt to levy was after the decree settling the purchase on the wife. In page 180, the chancellor says, “this decree [of divorce] was known *361 to each of the defendants before they caused executions on judgments against Haviland, to be issued and levied on that estate. This is understood to be a fact admitted by their answers.” So that the marital* rights of the husband were destroyed before the levy. expressly said by all the writers on this subject, that if the band has acquired the possession of the property, the court will not interfere ; and some have gone so far as to say, cannot interfere. 1 Madd. Cha. 387. Clancy on the rights of married women, p. 190. Here the defendant is in possession. It is said he entered as tenant to his mother-in-law, but on her death the descent was cast on his wife, and he surely was no longer tenant under the lease.
Everything which relates to the doctrine of supporting this equitable claim of the wife admonishes us as to the caution necessary in the applications of it. When we inquire into its origin, we are informed that it is sufficient to know, that it is a settled rule of the courts of equity; and that it has been acted upon from a very early period. Lord Eldon calls it “a mere creature of the court, founded altogether on its practice.” And it is said no one who looks to the object of it, and observes its application, can doubt that it has introduced a wholesome qualification of the common law. The late master of the rolls, sir William Grant, in the case of Murray v. Elibank, says, “with regard to this equitable right which a married woman has in this court to a provision out of her own fortune before her husband reduces it into possession, it stands upon the principal doctrine of this court. It is in vain to attempt by general reasoning to ascertain the extent of that doctrine; we must look to the practice of the court itself.” And Lord Hardwicke, speaking of it, says, “that it resembles the paternal care which equity exercises for their benefit; and that as a father would not have married his daughter without insisting on some provision ; so equity; which stands in loco parentis, will not do it;” in which language there is discoverable a considerable limitation to *the exercise of the power. It is the power of a judicious parent.
Now, although I am ready to acknowledge that the exercise of such power is wise and proper, and that it may be considered in the hands of the court as a wholesome modification of the common law, and may on proper occasions be well applied to the relief of unfortunate. females, yet I am not disposed to become a knight errant in their cause.
The decree is therefore reversed so far as it directs a settlement on the wife, and in other respects affirmed.

Decree modified.